IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

        Criminal Action No.: 1:24-CR-6-10
        (JUDGE KLEEH)

ABDUL SORRELL,

        Defendant.

## REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Judge for the purpose of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. [ECF No. 1019]. On February 26, 2025, came the United States of America ("the Government") by its counsel, Brandon S. Flower, Assistant United States Attorney, and also came Defendant Abdul Sorrell, in person and by counsel, John R. Funkhouser, for a change of plea hearing.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Three of the Indictment, that being Distribution of Methamphetamine, without a written plea agreement.

Defendant did not wish to enter a plea of guilty as to one remaining count, that being Count One. Counsel for the Government represented that the Government would seek to dismiss that remaining count, Count One, at sentencing. The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath and inquiring into Defendant's competency. The Court determined Defendant was competent to proceed with the Rule 11 plea hearing and cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The Court next inquired of Defendant concerning his understanding of his right to have

an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea. Defendant tendered to the Court a written Waiver of Article III Judge and Consent to Enter Guilty Plea before Magistrate Judge. The waiver and consent was signed by Defendant, countersigned by Defendant's counsel, and concurred by the signature of the Assistant United States Attorney.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of an Article III Judge and consent to enter a guilty plea before a Magistrate Judge was freely and voluntarily given. Additionally, the Court finds that the written waiver and consent was freely and voluntarily executed by Defendant Abdul Sorrell only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record. [ECF No. 1024].

The parties represent to the Court that there is no plea agreement in this case. Defendant stated in open court that he fully understood he was pleading guilty to Count Three of the Indictment, and that no other agreements had been made between himself and the Government. In addition, the Defendant and counsel acknowledged that a plea agreement was in fact presented to the Defendant, but after considering the same and discussing it with his counsel, he decided to plead guilty to Count Three without a plea agreement.

The Court confirmed that Defendant had received and reviewed with his attorney the original Indictment in this matter. The Court reviewed with Defendant Count Three of the Indictment, including the elements of the crime the United States would have to prove at trial, charging him in Count Three with Distribution of Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). However, before accepting Defendant's plea, the undersigned inquired of Defendant's understanding of the charge against him, inquired of Defendant's understanding of the consequences of him pleading guilty to the charge, and obtained the factual basis for Defendant's plea. The Government called its witness to present a factual basis for the plea. Defendant's counsel cross examined the witness. Defendant did not question the witness when given the opportunity to do so. Additionally, the Defendant provided a factual basis for the plea.

The Court then reviewed with Defendant the statutory penalties for Count Three, to which Defendant proposed to enter a plea of guilty, and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him. Defendant also understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count Three was a period of up to twenty (20) years of imprisonment, a fine of $1,000,000.00, and a period of at least three (3) years of supervised release.

Defendant also understood that the Court would impose a special mandatory assessment of $100.00 for having been convicted of a felony offense. Defendant further understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood that he might be required by the Court to pay the costs of his incarceration, supervision, and probation.

The Court reviewed with Defendant all of the rights that are forfeited by tender of a plea of guilty. The Court advised Defendant of his right to plead not guilty and maintain that plea during a trial before a jury of his peers. The Court also informed Defendant of the right to be represented by counsel during trial, the right to confront and cross-examine witnesses, the right not to testify, the right to present evidence and subpoena witnesses and the right to have the Government prove its case beyond a reasonable doubt. The Court also noted that the jury's verdict must be unanimous. Defendant stated in open court that he understood all of these rights and understood that he would be giving up all of these rights by entering a plea of guilty.

The undersigned also inquired of Defendant whether he understood that by pleading guilty, he was forfeiting other rights such as the right to vote, right to serve on a jury, and the right to legally possess a firearm. Additionally, the undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

Defendant stated that he understood all of the consequences of pleading guilty. Defendant was also advised of his appellate rights, and further advised that any notice of appeal must be entered within fourteen (14) days of judgment being entered.

Defendant stated that the plea was not a result of any threat, coercion, or harassment and that the plea was not the result of any promises. Defendant stated there was nothing he had asked his lawyer to do that was not done. Defendant further stated that his attorney had adequately represented him in this matter and that neither he nor his attorney had found an adequate defense to the charge contained in Count Three of the Indictment.

The undersigned Magistrate Judge informed Defendant that he would write the subject Report and Recommendation and a pre-sentence investigation report would be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count Three of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the pre-sentence report.

The Court informed Defendant that the Sentencing Guidelines are merely advisory. However, under the Sentencing Reform Act of 1984, certain Sentencing Guidelines could be used in determining a sentence in this case. Defendant stated that he had reviewed the various factors taken into consideration by the Sentencing Guidelines with his attorney and that he understood that the sentence could not be determined until after the United States Probation Office had prepared a presentence report and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea.

Defendant further stated that his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, but that he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

5

Defendant, Abdul Sorrell, with the consent of his counsel, John R. Funkhouser, proceeded to enter a verbal plea of **GUILTY** to the felony charge in Count Three of the Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charge against him, as to Count Three of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalties to which he would be exposed for Count Three; Defendant made a knowing and voluntary plea of guilty to Count Three of the Indictment; and Defendant's plea is independently supported by testimony which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to Count Three of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned Magistrate Judge **remanded Defendant to the custody of the U.S. Marshals Service.** [ECF No. 503].

**IF COUNSEL ANTICIPATES A LENGTHY SENTENCING HEARING, PLEASE NOTIFY THE DISTRICT COURT SO THAT AN ADEQUATE AMOUNT OF TIME CAN BE SCHEDULED FOR IT.**

Any party shall have fourteen days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and**

**the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted on February 26, 2025.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE